# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2022-11-3817

ESTATE OF PATRICIA A. ANZO
3095 Trentwood Court
JOHN ANZO, EXECUTOR
Brunswick, OH, 44212

-VS-                                                                                                       **SUMMONS**

UNIVERSITY OF AKRON
185 East Mill Street
Akron,  OH   44325

**TO the following:**

UNUM LIFE INSURANCE COMPANY OF AMERICA
211 Congress Street
Portland, ME   04122

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT J VECCHIO
526 Superior Avenue East, Suite 220
Cleveland, OH   44114

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

November 14, 2022

**EXHIBIT A**

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2022-11-3817

ESTATE OF PATRICIA A. ANZO
3095 Trentwood Court
JOHN ANZO, EXECUTOR
Brunswick, OH, 44212

-VS-                                                                **SUMMONS**

UNIVERSITY OF AKRON
185 East Mill Street
Akron, OH   44325

**TO the following:**

UNIVERSITY OF AKRON
185 East Mill Street
Akron, OH   44325

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

ROBERT J VECCHIO
526 Superior Avenue East, Suite 220
Cleveland, OH   44114

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

November 14, 2022

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| ESTATE OF PATRICIA A. ANZO,<br>JOHN ANZO, Executor<br>3095 Trentwood Court<br>Brunswick, OH 44212<br><br>　　　Plaintiff<br><br>VS.<br><br>UNIVERSITY OF AKRON<br>185 East Mill Street<br>Akron, OH 44325<br><br>-AND-<br><br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA<br>211 Congress Street<br>Portland, ME 04122<br><br>　　　Defendants | CASE NO.<br><br><br><br><br>JUDGE<br><br><br><br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

Now comes JOHN ANZO, Executor of the ESTATE OF PATRICIA A. ANZO, by and through his attorney, ROBERT J. VECCHIO, and for his Complaint states and alleges as follows:

PARTIES

1.　　Plaintiff, JOHN ANZO, Executor of the ESTATE OF PATRICIA A. ANZO (hereinafter "Plaintiff") is and was at all times mentioned herein a citizen and resident of the City of Brunswick, County of Medina, and State of Ohio.

2. Defendant, UNIVERSITY OF AKRON (hereinafter referred to as "UNIVERSITY OF AKRON"), is and was at all times mentioned herein, a State of Ohio, Public University, located in the City of Akron, County of Summit, and State of Ohio.

3. Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM") is a life insurance company that underwrites group term life insurance for group plans sponsored by various companies and academic institutions, including the Defendant, UNIVERSITY OF AKRON.

## FACTS

4. On January 11, 2021, the decedent, PATRICIA A. ANZO (hereinafter "PATRICIA") was hired by the UNIVERSITY OF AKRON as a professor in said Defendant's School of Exercise and Nutrition Services.

5. That as an employee of the UNIVERSITY OF AKRON, PATRICIA was provided as part of her compensation certain benefits, including group term life insurance, disability insurance, and medical insurance, as well as a retirement plan, in addition to a salary.

6. That UNUM is an insurance company that entered into a contract with the UNIVERSITY OF AKRON and PATRICIA, to provide PATRICIA with group policies of insurance in the event she became disabled and/or passed away.

7. That on or about January 13, 2022, while still employed by the UNIVERSITY OF AKRON, PATRICIA was diagnosed with stage IV lung cancer which had metastasized to her brain, as well as other areas of her body. That the UNIVERSITY OF AKRON was made aware of her diagnosis.

Sandra Kurt, Summit County Clerk of Courts

8.  That as a result of the effects of her cancer, PATRICIA was eventually no longer able to work as a professor at the UNIVERSITY OF AKRON, opting to take a medical leave while her employment contract with the University was still in effect.

9.  That PATRICIA applied for disability benefits pursuant to the disability insurance plan that was underwritten by UNUM. In applying for said benefits, at the request of UNUM, PATRICIA provided UNUM with an authorization to obtain her medical records in order that UNUM would have documentation concerning her diagnosis, allowing UNUM to process her application for group disability benefits.

10. That UNUM, in fact, obtained PATRICIA's medical records.

11. That the UNIVERSITY OF AKRON affirmatively elected to not renew the employment contract it had with PATRICIA on May 16, 2022. Her final paycheck was dated May 31, 2022.

12. That UNUM subsequently approved PATRICIA's application for group disability benefits, determining that her disability began on January 13, 2022. Payments were to begin in July of 2022, the date on which Patricia had fulfilled the "waiting period" identified in the group disability plan.

13. That UNUM also insured PATRICIA under a group term life insurance policy. The face amount was One Hundred Thousand Dollars ($100,000.00).

14. That despite UNUM having full access to PATRICIA's medical records which confirmed a diagnosis of stage IV cancer, and having approved her application for disability benefits based upon the same, UNUM failed and neglected to advise PATRICIA of her rights under the terms of her group insurance plan to exercise her contractual right to accelerate her life

3

insurance benefits or alternatively, convert her group life insurance coverage into an individual life policy with the same face amount of One Hundred Thousand Dollars ($100,000.00).

15. That the UNIVERSITY OF AKRON was aware of PATRICIA's stage IV cancer diagnosis when they opted to non-renew her employment contract effective May 16, 2022.

16. That PATRICIA died on July 19, 2022, at the age of 54.

17. That subsequent to PATRICIA's death, Plaintiff, JOHN ANZO, contacted the UNIVERSITY OF AKRON, to begin the process of making a claim for PATRICIA's One Hundred Thousand ($100,000.00) in life insurance benefits. That the UNIVERSITY OF AKRON advised Plaintiff that PATRICIA did not have life insurance coverage in effect since she was not an employee at the time of her passing.

18. That at no time prior to non-renewing the employment contract it had with PATRICIA, nor at any time thereafter, did the UNIVERSITY OF AKRON advise PATRICIA that her coverage under the group life insurance plan ceased at the time her employment contract was non-renewed.

19. That at no time prior to non-renewing the employment contract of PATRICIA, nor at any time thereafter, did the UNIVERSITY OF AKRON advise PATRICIA that she was eligible under her UNIVERSITY OF AKRON's group life insurance plan with UNUM to accelerate a portion or her life insurance coverage, or alternatively convert the group coverage to individual coverage so long as she exercises the contractual right within thirty (30) days from the date of nonrenewal of her employment contract.

4

## COUNT ONE

20. For Count One of his Complaint, Plaintiff incorporates herein by reference each and every allegation and averment set forth in paragraphs 1-19 of this Complaint as if fully rewritten herein at length and goes on further to state that UNUM breached its contract with Plaintiff.

21. That UNUM breached its contract with Plaintiff by failing to advise PATRICIA concerning her options to accelerate a portion of her group term life insurance policy and by failing to inform her of her contractual right to convert the group coverage to individual coverage.

22. That as a result of UNUM's breach of their group contract with PATRICIA, Plaintiff has sustained damages.

## COUNT TWO

23. For Count Two of his Complaint, Plaintiff incorporates herein by reference each and every allegation and averment set forth in paragraphs 1-22 of this Complaint as if fully rewritten herein at length and goes on further to state that UNUM owed PATRICIA a duty of care to advise her of her contractual rights under the terms of the group term life insurance plan that it underwrote for the University of Akron.

24. That UNUM breached its duty of care owed to PATRICIA in that it failed to advise PATRICIA of her contractual rights under the terms of the group term life insurance plan that is underwrote for the University of Akron.

25. That as a direct and proximate result of UNUM's breach of its duty of care, Plaintiff has been caused to incur damages.

*Sandra Kurt, Summit County Clerk of Courts*

## COUNT THREE

26. For Count Three of his Complaint, Plaintiff incorporates herein by reference each and every allegation and averment set forth in paragraphs 1-25 of this Complaint as if fully rewritten herein at length and goes on further to state that the UNIVERSITY OF AKRON's failure to advise PATRICIA of the fact that she was eligible under the UNIVERSITY OF AKRON's group term life insurance plan to accelerate a portion of the death benefits coverage under the group life insurance plan provided, or alternatively advise her of her contractual right to convert her group coverage into individual coverage, constituted a material breach of the employment contract that is had with PATRICIA.

27. That as a result of the UNIVERSITY OF AKRON's breach of their contract with PATRICIA, Plaintiff has sustained damages.

## COUNT FOUR

28. For Count Four of his Complaint, Plaintiff incorporates herein by reference each and every allegation and averment set forth in paragraphs 1-27 of this Complaint as if fully rewritten herein at length and goes on further to state that the UNIVERSITY OF AKRON owed PATRICIA a duty of care to advise her of the life insurance benefits available to her upon their non-renewal of her contract by the University of Akron.

29. That the UNIVERSITY OF AKRON breached its duty of care by failing to advise Plaintiff of said life insurance benefits.

30. That as a direct and proximate result of the UNIVERSITY OF AKRON's breach of its duty of care, Plaintiff has sustained damages.

6

## COUNT FIVE

31. For Count Five of his Complaint, Plaintiff incorporates herein by reference each and every allegation and averment set forth in paragraphs 1-30 of this Complaint as if fully rewritten herein at length, and goes on further to state that UNUM's conduct in failing to advise PATRICIA of her rights under the terms of the subject group life insurance plan and thereafter failing to honor Plaintiff's claim for the benefits under said policy, constituted a calculated scheme by UNUM to hide, mislead, and deceive, PATRICIA and Plaintiff so as to not have to provide life insurance coverage to PATRICIA whom UNUM knew was terminally ill based on her submission of a claim for disability benefits under UNUM's group disability plan that it had underwritten for the University of Akron's employees, including PATRICIA.

32. That Plaintiff has suffered compensatory damages and is entitled to consequential and punitive damages, as well, as a result of UNUM's bad faith.

WHEREFORE, Plaintiff demands judgment against Defendant, UNIVERSITY OF AKRON, and Defendant, UNUM, jointly and severally, on Plaintiff's claims and causes of action as set forth in this Complaint, including pre-judgment and post-judgment interest; consequential and punitive damages; an award of attorney fees, and costs together with any other relief flowing from Defendant, UNIVERSITY OF AKRON's, breach of contract and negligence, Defendant, UNUM's, breach of contract, negligence, breach of implied duty of good faith and fair dealing, and bad faith; and all other damages to which Plaintiff is entitled to at law or in equity.

        Respectfully submitted,

        ROBERT J. VECCHIO CO., L.P.A.
        526 Superior Avenue East, Suite 220
        Cleveland, OH 44114
        216-566-1424 / 216-566-1468 (Fax)


        / S / Robert J. Vecchio, Esq.
        ROBERT J. VECCHIO, ESQ. #0006026
        rjvecchio@vecchio-vegh.com
        Attorney for Plaintiff


## JURY DEMAND

Trial with the maximum number of jurors allowed by law is hereby demanded.


        / S / Robert J. Vecchio, Esq.
        ROBERT J. VECCHIO, ESQ.

*Sandra Kurt, Summit County Clerk of Courts*